IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 2:16cv48-WHA |
| CITY OF MONTGOMERY, | ) | |
| MONTGOMERY DEPARTMENT OF | ) | |
| PUBLIC SAFETY; CARMEN | ) | |
| DOUGLAS, SGT. KIMBLY HARRIS, | ) | (wo) |
| LT. TRACY STEPHENSON, MAYOR TODD | ) | |
| STRANGE, MAJOR MELINDA | ) | |
| CHANDLER, LARRY FISHER, AND J. | ) | |
| CHRISTOPHER MURPHY in their personal | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #14), filed by the Defendants

City of Montgomery, Montgomery Department of Public Safety, Kimbly Harris, Tracy

Stephenson, Todd Strange, Melinda Chandler, Larry Fisher, and J. Christopher Murphy.[1]

The Plaintiff filed a Complaint in this case on January 22, 2016.   In the Complaint she

brings claims for violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981; the

Age Discrimination in Employment Act ("ADEA"); retaliation under Title VII and the ADEA;

hostile work environment; violation of Equal Protection; and violation of the Family Medical

Leave Act.   The Complaint is not clear, but appears to assert all claims against all Defendants.

---

1   Carmen Douglas is identified by the movants as not being a person employed by the City of
Montgomery.   In her Answer, Carmen Douglas states that she has been wrongly named in this
suit. (Doc. #17).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED but the Plaintiff will be given time to amend her Complaint as to some of her claims.

## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."   *Id.* at 570.   The factual allegations   "must be enough to raise a right to relief above the speculative level."   *Id*. at 555.

## III.   FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Gwendolyn Gray ("Gray") is an African-American woman, over 40 years old, who is employed as a dispatcher with the City of Montgomery.   A complaint was lodged

against Gray.   Gray's Senior Supervisor, Defendant Lt. Tracy Stephenson ("Stephenson"),

instructed Gray to submit a memo explaining her actions referenced in the complaint. Defendant

Larry Fisher ("Fisher"), Director of Communications, recommended Gray be suspended for one

day as a result of the complaint against her.   Gray was made aware of the recommendation in a

meeting with Stephenson and Major Melinda Chandler ("Chandler"), Operations Manager.

Plaintiff presented her case before a departmental trial board consisting of Fisher, Chandler, Lt.

Stephenson, and Teresa Moore, departmental secretary, on March 3, 2014.

On March 7, 2014, Gray received a memo from Fisher stating the recommendation of a

one-day suspension was upheld because it was found that Gray failed to follow procedure and

exercise good judgment when assisting an officer with a possible safety situation.

Gray alleges that she was subjected to discrimination, disparate treatment, and a hostile

work environment.

Gray has also alleged in the Complaint filed in this court that she was entitled to 12 weeks

of leave from January through December of 2014, but the Defendants denied her 26 hours of

earned leave to cover her absence while she recovered from knee surgery.

## IV. DISCUSSION

Before the court addresses the specific claims, and the grounds asserted for dismissal of

those claims, the court must first address the parties and their capacities in which suits may be

brought and timing issues.

### Montgomery Department of Public Safety

Gray has named the Montgomery Department of Public Safety as a Defendant in this case.

The Defendants state that the Montgomery Department of Public Safety should be dismissed

because a city police department is not a suable entity.   The Defendants contend that the

Montgomery Department of Public Safety is a department of the City of Montgomery, and not a separate legal entity subject to suit.

Gray concedes that police departments are not subject to suit, but responds that the "Montgomery *County* Department of Public Safety" is not a police department.   (Doc. #21 at p.6) (emphasis added).    The Defendants express confusion in their reply brief as to the entity Gray intended to sue, and reiterates that the City of Montgomery is a municipal corporation which can be subject to liability, but the City of Montgomery Department of Public Safety is not.

Given the confusion created by Gray's brief, and her concession that city police departments are not subject to suit, the court will dismiss the Public Safety Defendant without prejudice at this time.   If Gray contends that she can name a suable entity other than the City of Montgomery, she will be given an opportunity to file an Amended Complaint.

Individuals

The Defendants also seek to dismiss the Title VII, the ADEA, and the FMLA claims asserted against individuals in this case.   *See Dawkins v. Fulton Cty. Gov't*, 733 F.3d 1084, 1090 (11th Cir. 2013) (no individual liability under the FMLA); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006)(no individual liability under Title VII); *Shuler v. Bd. of Trustees of Univ. of Alabama*, 480 F. App'x 540, 544 (11th Cir. 2012) (no individual liability under ADEA). Gray concedes that individuals are not subject to liability under these statutes and states that she withdraws the claims in the Complaint under Title VII, the ADEA, and the FMLA against Kimbly Harris, Tracey Stephenson, Todd Strange, Melinda Chandler, Larry Fisher, and J. Christopher Murphy individually. (Doc. #21 at p.8). The Motion to Dismiss those claims is due to be GRANTED.

Timeliness of EEOC Charges for Title VII and ADEA Claims[2]

The Defendants contend that Gray's Title VII and ADEA claims are barred because she did not timely file a charge of discrimination with the Equal Employment Opportunity Commission.

Gray has alleged that she was discriminated against on the basis of her race, color, and sex; experienced a hostile work environment; and was retaliated against in violation of Title VII and the ADEA.   Gray states that her Intake Questionnaire provided to the EEOC was timely and it counts as her EEOC charge because it is signed under penalty of perjury.   Gray also cites to *Williams v. Gen. Electric Co.*, 269 F. Supp. 2d 958, 964 (S.D. Ohio 2003), for the proposition that an unsigned intake questionnaire can count as an EEOC charge.   The Defendants dispute that the intake questionnaire attached to the Complaint is a verified Intake Questionnaire.

"In order to litigate a claim for discrimination under Title VII, the ADA, or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC." *Rizo v. Ala. Dep't of Human Resources*, 228 Fed. App'x. 832, 835 (11th Cir. 2007) (No. 06–13261); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).   The Eleventh Circuit has held that, as a general rule, an intake questionnaire is not intended to operate as an EEOC charge, but that a verified intake questionnaire might do so "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1240 (11th Cir. 2004). In *Bost,* the plaintiff had argued that his intake questionnaire, filed several months prior to the suit, constituted a formal charge.   372 F.3d at 1239.   The court rejected his argument, and reiterated that "an intake questionnaire is not intended to function as a

---

2 Although Gray has included the ADA in the list of statutes under which she brings claims (Doc. #1), there are no factual allegations in the Complaint to support a claim based on disability.

charge" and the court will "not treat intake questionnaires willy-nilly as charges." *Id.* at 1241
(citations omitted).   In one case in which an intake questionnaire was considered to be an EEOC
charge, the court concluded that a declaration that a statement was made under penalty of perjury
was sufficient to satisfy the requirements of Title VII and the EEOC regulations. *Wilkerson*, 270
F.3d at 1317.   In *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1360-61 (M.D. Fla.
2004), *aff'd sub nom. Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747 (11th Cir. 2006), the court
relied on language in a questionnaire which stated that when the form constitutes the only written
statement of allegations, the Commission will consider it a sufficient charge of discrimination.

   In the instant case, the Intake Questionnaire attached to the Complaint states that the person
completing the questionnaire must also file a charge or will "lose your rights."   (Doc. #1-1 at p.5).
*See Bost*, 372 F.3d at 1241 (noting the questionnaire form itself did not suggest that it was a
charge).   And, contrary to Gray's statement in her brief, the Intake Questionnaire attached to the
Complaint does not contain a sworn statement to satisfy the verified charge requirement.   Under
binding Eleventh Circuit precedent, therefore, this court concludes that the Motion to Dismiss is
due to be GRANTED as to any Title VII, ADA, and ADEA claims asserted because no timely
EEOC charge was filed.   Because Gray has stated in her brief, however, that there is a
questionnaire signed under penalty of perjury (Doc. #21 at p.11), if she contends that such a
questionnaire exists and just was not included with the one attached to the Complaint, the court
will give her time in which to file an Amended Complaint, and to attach that intake questionnaire,
and replead her Title VII[3] and ADEA claims.[4]

---

3 In addition to the timeliness argument as to the Title VII and ADEA retaliation claims Gray has
asserted, the Defendants state that Gray's allegations that she was suspended after communicating
with Defendant Murphy do not sufficiently allege retaliation. Gray clarifies, however, that the
retaliation to which she refers on page 7 of her Complaint is in reference to her report to Defendant

Disparate Treatment on the Basis of Race and/or Gender Claims

As to the discrimination claims Gray brings, which include Equal Protection and § 1981 claims which are not subject to Title VII EEOC charge filing requirements, the Defendants state that because Gray has identified in an attachment to her Complaint a list of 30 employees who were not subject to disciplinary action, Gray has failed to state a claim. The Defendants' theory is Gray's list indicates only that she was treated differently, not that she was treated differently because of her race or sex.

The Complaint, as pled, identifies more disparate treatment than just the discipline Gray received.   For example, she also identifies a promotion she has been denied. (Doc. #1 at p.6).   In addition, the races and genders of the people listed in the attachment to the Complaint are not identified.   Therefore, the court will give Gray an opportunity to specify the race and gender of various identified comparators, should she choose to pursue these claims.   Because Gray has apparently included different acts of disparate treatment in a single claim which has caused her claim to be unclear, Gray should also separately identify each alleged act of disparate treatment which she alleges is actionable in a separate count, and identify the Defendant or Defendants she alleges was responsible for these acts of disparate treatment.

Hostile Work Environment

To the extent that her hostile environment claims are not barred by a failure to file a timely

_____

Fisher, not Murphy.   In reply, the Defendants refer to the EEOC charge as referring to communication sent to Murphy, but the attachment to the Intake Questionnaire also refers to her conversation with Fisher.   If Gray files an Amended Complaint asserting a retaliation claim, she should clarify the protected activity upon which she bases her claim.

4 The Defendants also state that Gray has not alleged facts to support this claim, and has instead alleged that white males were treated more favorably than she was, rather than alleging facts to establish the ages of any comparators.   The court will dismiss this claim, but if Gray contends that her ADEA claim is not time-barred because there is a questionnaire signed under penalty of perjury, she can also more specifically plead her ADEA claim in a new, Amended Complaint.

EEOC charge, the Defendants argue that Gray has only identified three instances of alleged harassment, which is not sufficient to state a claim for hostile environment.   Gray responds by alluding to other instances of harassment not included in the Complaint.   The court will dismiss the claim, but will give Gray additional time in which to set out instances of harassment which she contends contributed to the creation of a hostile work environment.

FMLA Claim

The Defendants state that Gray has not alleged facts to state a violation of the FMLA because she alleges that she was not allowed to take time in addition to her FMLA leave, which is not a violation of the FMLA.   Gray states in her Complaint that she was entitled to 12 workweeks of leave but the "Defendant intentionally denied Gray's exercise of her rights provided under the FMLA by refusing to grant Plaintiff 26 hours of earned leave to cover her absence while she recovered from her surgery." (Doc. #1).

The law in the Eleventh Circuit is that "an employer who is subject to the FMLA and also offers a paid sick leave policy has two options when an employee's leave qualifies both under the FMLA and under the employer's paid leave policy: the employer may either permit the employee to use his FMLA leave and paid sick leave sequentially, or the employer may require that the employee use his FMLA leave entitlement and his paid sick leave concurrently."   *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1205 (11th Cir. 2001).   An employee is entitled to 12 total weeks, not 12 FMLA weeks plus paid leave time.   *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308 (11th Cir. 1999) (citing 29 U.S.C. § 2612(a)(1) ("employee shall be entitled to a total of 12 workweeks of leave during any 12–month period"); and 29 U.S.C. § 2612(d)(1) ("if an employer provides paid leave for fewer than 12 workweeks ... the additional weeks of leave necessary to attain the 12 workweeks ... may be provided without compensation")).

8

Gray's claim appears to be that she had FMLA leave that she was entitled to take that is distinct from, and in addition to, other leave.   That argument has been rejected by the Eleventh Circuit. *See Dixon v. Pub. Health Trust of Dade Cty.*, 567 F. App'x 822, 826 (11th Cir. 2014) (stating that "Dixon believes that the FMLA grants employees a 12–week block of 'FMLA leave time' that is distinct from any leave time their employer gives them. We have explicitly rejected such an understanding of the FMLA.").   Therefore, the FMLA claim as pled is due to be dismissed. Because Gray's pleading is unclear, however, and she may have intended to claim a violation of a right to use available paid leave instead of unpaid leave within the total amount of 12 weeks of leave allowed by the FMLA, the court will dismiss the claim without prejudice to being repled.


### V.   CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1.    The Motion to Dismiss (Doc. #14) is GRANTED as to any claims brought under Title VII, the ADEA, and the FMLA against Kimbly Harris, Tracey Stephenson, Todd Strange, Melinda Chandler, Larry Fisher, and J. Christopher Murphy individually and those claims are DISMISSED with prejudice.

2. The Motion to Dismiss is GRANTED as to all remaining claims and those claims are DISMISSED without prejudice to being repled.

3. The Plaintiff is given until **April 25, 2016** to file a new Amended Complaint which repleads the claims dismissed without prejudice, should she choose to do so.   The Plaintiff should plead facts to remedy the deficiencies discussed above, if she can do so within the requirements of Rule 11 of the Rules of Civil Procedure.

4. Any Amended Complaint filed in accordance with this Memorandum Opinion and

Order must be filed consistently with M.D. Ala. Local Rule 15.1 and be complete unto itself, without incorporation by reference to the original Complaint.   Any Amended Complaint should also separately identify each alleged adverse employment action and the statutory basis upon which Gray makes a claim as to that adverse employment action. If the Plaintiff files an Amended Complaint, she should consider whether to include Carmen Douglas as a Defendant, in view of the Answer filed by that Defendant to the original Complaint.

Done this 11th day of April, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE