IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   2:16cv48-WHA |
| CITY OF MONTGOMERY, | )   (wo) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #27), filed by the Defendants City of Montgomery, Montgomery Department of Public Safety, Kimbly Harris, Tracy Stephenson, Todd Strange, Melinda Chandler, Larry Fisher, and J. Christopher Murphy.

This court previously ruled on a Motion to Dismiss filed by the Defendants and dismissed claims against individual defendants under Title VII, the ADEA, and the FMLA with prejudice, and dismissed Gray's remaining claims without prejudice to being re-plead to remedy deficiencies in her Complaint as originally pled. (Doc. #23). Gray filed an Amended Complaint. In her Amended Complaint, she names only the City of Montgomery as a Defendant in the caption, and brings each claim only against the City of Montgomery. She also, however, identifies various individuals in the "V. Parties" section of the Amended Complaint, but without referring to them as "Defendants," and refers to "Defendants" at certain points in her Amended Complaint. But, she states in her brief that the Amended Complaint removes all claims of individual liability. (Doc. #29 at p.8). The court, therefore, construes the Complaint as only stating claims against the City of Montgomery, and all other claims, to the extent that they were ever asserted, will be dismissed.

The claims in the Amended Complaint are for Title VII race discrimination (referred to as first claim, but hereinafter referred to as Count I), Title VII sex discrimination (Count II), the violation of the Age Discrimination in Employment Act ("ADEA") (Count III), Title VII and ADEA retaliation (Count IV), Title VII hostile work environment (Count V), violation of Equal protection (Count VI), violation of the Family Medical Leave Act ("FMLA") (Count VII).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II. MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Gwendolyn Gray ("Gray") is an African-American woman, over 40 years old, who is employed as a dispatcher with the City of Montgomery.

In her Amended Complaint, Gray alleges that in December of 2006, she protested to her supervisors, claiming race, sex, and age discrimination as a basis for non-selection for promotion.

Years later, a complaint was lodged against Gray. Gray's Senior Supervisor Lt. Tracy Stephenson ("Stephenson"), instructed Gray to submit a memo explaining her actions referenced in the complaint. Larry Fisher ("Fisher"), Director of Communications, recommended Gray be suspended for one day as a result of the complaint against her. On March 3, 2014, Gray presented her case before a departmental trial board. The decision to uphold the one-day suspension was communicated to Gray by memorandum dated March 7, 2014.

Gray also alleges that upon return to work after surgery, she was denied the use of earned sick leave even though she was entitled to 12 work weeks of leave during the period of January through December of 2014.

Gray has also alleged that during her employment, she has been subjected to attempts to intimidate and harass her, has had her work monitored during her shifts and had calls eavesdropped on, has had her automobile tag run through an NCI check with no legitimate reason, and has been denied promotions.

The Amended Complaint also states that Gray was denied an interview for an ECS1 Sergeant promotion in October of 2015 and on April 26, 2016, she was denied a position of Safety Communications Supervisor. Gray also alleges that she was not given the Dispatcher of the Year Award even though she had outstanding performance during a March 2016 burglary,

and that the award was given to a dispatcher outside of her protected class who did not participate in the call.

## IV. DISCUSSION

The City moves to dismiss on several grounds, two of which apply to multiple claims. The court will address those arguments first, and then turn to other grounds for dismissal asserted as to each count.

### A. Grounds for Dismissal Applicable to Multiple Claims

#### 1. Timeliness

The City contends that any claims asserted by Gray in her Amended Complaint based on events which occurred prior to September 5, 2014 are time-barred because she did not file a Charge of Discrimination until March 5, 2015.

In its previous Order, the court explained that Gray may have established timeliness if her EEOC Intake Questionnaire was signed under penalty of perjury so that it could be considered a Charge of Discrimination, and invited her to attach her Intake Questionnaire to any Amended Complaint she might file. (Doc. #23 at p.6). In response to that Order, Gray has attached to her Amended Complaint her March 5, 2015 Charge of Discrimination and her Dismissal and Notice of Rights. (Doc. #26-1, 26-2). She has not provided an Intake Questionnaire signed under penalty of perjury as was previously represented to the court.

In response to the current Motion to Dismiss as to the Amended Complaint, Gray argues that she timely filed an Intake Questionnaire on January 9, 2015, which should be considered her EEOC Charge, because she followed appropriate procedures outlined online for "beginning the process of filing a charge." (Doc. #29 at p.9). Gray argues that she met the requirements of *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001), because she clearly manifested an

intent to activate the administrative process by checking the box on the Intake Questionnaire that showed her intent was to file a Complaint of Discrimination. She also states that her signature is verified under Rule 11. Gray also appears to argue that her subsequently filed charge relates back to her Intake Questionnaire.

In its analysis in response to the first Motion to Dismiss, this court acknowledged that if Gray supported her argument that she had signed the Intake Questionnaire under penalty of perjury, she might establish that she falls within the exception to the general rule that an intake questionnaire is not intended to function as a charge for purposes of the statute of limitations. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1240 (11th Cir. 2004). In *Bost*, the court outlined several factors, including communications between the plaintiff and EEOC, the form itself, the response by the EEOC, which create unusual circumstances under which a questionnaire can be treated as an EEOC charge. *Id.* at 1240.

In this case, Gray addresses the form factor by stating that she checked the box stating that she intended to file a charge and that it gave a deadline for filing a charge, but the form at issue identifies itself as a "questionnaire" in more than one place and does not have the misleading information discussed by the Eleventh Circuit in *Wilkerson.* 270 F.3d at 1320 (stating that questionnaire contained a label of "EEOC/Savannah Local Office" followed by "Charge Receipt/Technical Information" and a place for a signature under penalty of perjury). Additionally, Gray has not shown that the other circumstances of communications between the plaintiff and EEOC, the form itself, or any response by the EEOC weigh in favor of finding an intent to activate the administrative process. *Bost*, 372 F.3d at 1241. The court cannot conclude that Gray has adequately demonstrated that her Intake Questionnaire meets an exception to the general rule that such questionnaires are not to be treated as EEOC charges.

Title VII claims based on the March 7, 2014 one-day suspension are due to be dismissed on the grounds of failure to timely file an EEOC charge. Title VII claims based on events occurring after September 2014 are not barred, however.

2. Compliance With the Court's Order

The City argues that Gray's Amended Complaint is due to be dismissed because Gray has failed to comply with this court's Order. In Defendants' original Motion to Dismiss the Complaint, they argued that Gray merely had alleged that she was treated differently from other people she listed in her EEOC charge, not that she had been treated differently from white or male employees. In ruling on the initial Motion to Dismiss, the court noted that Gray had not specified genders or races of person she identified in her EEO charge which was attached to the Complaint, and gave her additional time in which to do that in her Amended Complaint. The court's intent was not to impose an onerous pleading requirement, but to give Gray an opportunity to clarify the basis upon which she claimed disparate treatment from the persons she identified in the attachment to her Complaint. In response, although not in the allegations of the Amended Complaint, in her brief, Gray has identified the persons she chooses to rely on as comparators. She has identified those persons by name, race, gender, and EEO activity. (Doc. #29 at p.16-7). Therefore, the court will consider her statements in her brief in evaluating her arguments against dismissal.

A. Counts I and II

In her brief, Gray discusses together her claims in Count I and II in which she brings Title VII race and sex discrimination claims based on an October 2015 failure to give her an interview for an ECS-1 promotion and a failure to award her Dispatcher of the Year for her performance

6

during a March 9, 2016 burglary call (in addition to her time-barred claim based on a one-day suspension).

With respect to the race-based claims in Count I, because at least some of the persons identified as comparators are alleged to be white, and therefore outside of her protected racial class, (Doc. #29 at p.16), the race-based claim is not due to be dismissed on that basis. *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1082 (11th Cir. 2005) (stating "*McDonnell Douglas* requires the plaintiff to establish a prima facie case which includes identifying an individual who replaced him or was treated better than he was who was not a member of his protected class.").

The Count concerning sex discrimination, however, states that "because of the Plaintiff's race she was suspended," and she was not given an interview when she applied for the ECS1 Sergeant position because "of her race." (Doc. #26 at p.10, 11). The listed comparators in her brief also are all female. (Doc. #29 at p.16-7). In other words, not only does Gray not identify a male comparator for these two aspects of her claim, she alleges, in the gender discrimination count, that actions were taken against her because of her *race*. She does, however, state that the Dispatcher of the Year Award was given to a dispatcher outside of her protected class and denied her "because of her sex." (Doc. #26 at p.11).

The City also argues that not being given an interview or not being given the award cannot be viewed as an adverse employment action.

"[T]o prove [an] adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment." *Holland v. Gee*, 677 F.3d 1047, 1057 (11th Cir. 2012) A transfer can be adverse "if it involves a reduction in pay, prestige or responsibility." *Id.* (citing *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*), 231 F.3d 821, 829 (11th Cir.2000) (emphasis added).

7

The City argues that denial of an interview is not materially adverse, but Gray has alleged that she was denied an interview as part of an attempt to receive a promotion. Without further factual development, the court cannot conclude that the denial of an interview for a promotion or denial of the award alleged was not an adverse employment action. The Motion to Dismiss is due to be DENIED as to the Title VII race discrimination claims in Count I based on denial of an interview for a promotion and for Dispatcher of the Year Award and as to the gender claim in Count II only as to the denial of the Dispatcher of the Year Award.

### B.  Count III

Gray states in her brief that she withdraws her age discrimination claim in Count III. (Doc. #29 at p.22).

### C.  Count IV

In Count IV, Gray brings a Title VII and ADEA retaliation claim.[1]  A retaliation claim requires statutorily protected expression, an adverse employment action, and a casual relation between the two events.  *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir. 2004).

Gray alleges in the Amended Complaint that she complained to her supervisors that she was being harassed on April 15, 2014, she complained in December of 2006 about discrimination, and she complained about the behavior of Natasha Johnson on June 3, 2015.

---

[1] It is unclear, but it appears that Gray has withdrawn all of her age discrimination claims as she does not refer to age in her discussions of the claims in Count IV, V, or VI. In her discussion of Count IV, retaliation, she specifically refers to her opposition to race and gender discrimination. (Doc. #29 at p.22).  In an abundance of caution, however, the court has analyzed her retaliation claim as being based on complaints of race, gender, and age discrimination because she mentions age in the context of her discussion in her brief of her race and sex discrimination claims.  (Doc. #29 at p.16, 19).

(Doc. #26 at p.14). She then states that she was not given an interview for a position in October of 2015, and was denied a position on April 22, 2016.

The City argues that Gray has not pled a statutorily protected activity, that she has not identified an adverse employment action, and that even if she had pled those two elements, she has not stated a claim because there is no causal connection.

In her brief, Gray addresses the causation argument advanced by the City by stating that there was retaliation after she filed her "EEOC Complaint on January 9, 2015,"[2] and her right to sue letter was issued in October 2015.[3] These identified activities were not the protected activities pled in the Amended Complaint, and Gray was directed to identify the protected activity that formed the basis of any retaliation claim. (Doc. #23 at p.7, n.3). The dates of the statutorily-protected activities alleged in the Amended Complaint are December 2006, April 2014, June 2015. Even considering the March 2015 date when her EEOC Charge was filed, which was not alleged in the Amended Complaint, the dates that Gray has identified as dates of protected activity are too remote from the alleged adverse employment actions in October 2015 and April 2016 to state a claim for retaliation. *Thomas v. Cooper Lightning, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (stating that a three to four month disparity is not close enough to establish temporal proximity for causation). The retaliation claims are due to be DISMISSED.

D. Count V

---

[2] This reference is to the Intake Questionnaire, which is dated January 9, 2015. The is no allegation, however, that the City was made aware of that questionnaire at that time. An employer must be actually aware of the protected activity at the time it took the adverse action. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir.1999). The Charge of Discrimination was filed on March 5, 2015.

[3] Gray cites no authority for the proposition that receipt of a Notice of Right to Sue by the EEOC is a protected activity on Gray's part. Section 2000e–3(a) states that the "activity protected under Title VII" is opposing "an unlawful employment practice."

Gray claims that she was subjected to a hostile work environment on the basis of race, color, sex, age, and prior EEO activity. (Doc. #26 at p.25). In her brief in response to the Motion to Dismiss, Gray does not clarify whether she seeks to proceed on all of those theories.

The original Complaint contained limited allegations of harassment. The Amended Complaint contains allegations of additional harassment. Gray alleges that after she requested a copy of the procedure she was accused of violating when she was suspended for one day, her supervisor recorded her telephone line and degraded her. She states that her supervisor also raised his voice to Gray in an open forum in an attempt to intimidate her and did not treat her counterparts not in her protected class in this way. (Doc. #26 at p.16). She alleges that the supervisor has attempted to demean and embarrass her on a "consistent basis." She alleges that June 3, 2015, a Natasha Johnson confronted Gray in a loud manner, that Gray has been denied positions, was written up in the 2010 timeframe for calling in sick less than two hours before the beginning of her shift, has been denied the opportunity to assist with the dispatcher training academy, has been monitored during her job shifts from 2010 to the present, and has had her automobile tag run through an official check for no legitimate reason.

One of the bases for the City's Motion to Dismiss is that aspects of Gray's claim, such as when her automobile tag was run twice in 2013 without cause, are time-barred. The City also states that promotions denied in 2010 should have been raised in a previous lawsuit she brought and are barred by res judicata. Gray responds that there is no evidence that a hostile work environment was related to the 2010 incidents and that some of the incidents of harassment are within the allowable time limit, so those falling outside of the period are not time-barred.

As to events in 2013 and later dates, the court agrees with Gray that the City's time-bar analysis does not apply. If an act contributing to a hostile environment claim occurs within the

10

relevant period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002).

The doctrine of res judicata applies if the following four elements are present: (1) there is a final judgment on the merits of the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical, and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *See Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir.1992). Res judicata does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff could have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir.2000).

At this point in the proceedings, the court has insufficient information upon which to determine which, if any, incidents of alleged harassment are subject to res judicata. Because at least some of the alleged incidents of harassment are not time-barred and not occurring during the period which the City has identified as giving rise to its defense of res judicata, the court cannot conclude that this point that Gray's claim is barred.

The City's remaining argument is that Gray has not alleged behavior sufficient to rise to the level of a hostile work environment. The following four factors are considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods*,

121 F.3d 642, 647 (11th Cir.1997).  Both because it is unclear which incidents of harassment can be considered, and because Gray has identified several instances of conduct, including some different treatment which occurred on a "consistent basis," the court cannot conclude at this point that Gray's hostile work environment claims are due to be dismissed.

### E.  Count VI

Gray's Equal Protection claim as pled is unclear.  Gray alleges that the "Defendants are in ongoing violation of the Fourteenth Amendment for their continued refusal to grant Gray a work environment free of harassment, intimidation and retaliation and equal opportunity for advancement or promotion regardless of her race, age, sex, and prior EEO activity."  Additionally, she refers in her brief to actions which are not alleged in her Amended Complaint as being violations of Equal Protection, including denial of sick leave (Doc. #29 at p.27).  Because this is her second attempt to plead her claims, and she was put on notice that clarification was required as to the basis of her claims, the court will consider only those actions she has pled in the Amended Complaint as being a violation of the Equal Protection Clause.

Of course, as to an Equal Protection claim for retaliation, such claim is not cognizable and is due to be dismissed.  *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir.1997).

Some of the actions Gray has identified in her race discrimination claim in Count I, her gender discrimination claim in Count II, and in her hostile environment claim are not time-barred under §1983's two-year statute of limitations.  *See Lufkin v. McCallum*, 956 Fl2d 1104, 1105 (11th Cir. 1992).  Therefore, the court will not dismiss her claim and she can proceed on that alternate theory as to those facts, at least to the dispositive motion stage.  As to other disparate treatment theories based on gender and age, for reasons discussed above, the court cannot

conclude that, in this her second attempt to adequately plead her claims, Gray has stated a claim for violation of Equal Protection on those grounds.

## Count VII

The claim in Count VII is for denial of FMLA leave based on the City's denial of 26 hours of earned sick leave to cover the remainder of Gray's time off for knee surgery because the City had incorrectly used FMLA leave for separate leave due to an automobile collision. She alleges that she was denied sick leave and the employer depleted her FMLA time. (Doc. #26 at p.22). In her brief, she clarifies that she had been approved to take paid leave, but her employer denied her paid leave and forced her to take unpaid FMLA leave instead. (Doc. #29 at p.28). The brief further states that she has not been paid her earned sick leave.

The City views her claim as one that it applied the FMLA leave when she had a separate automobile collision, rather than to the time for scheduled surgery.

The court addressed this claim in connection with the initial Motion to Dismiss, citing Eleventh Circuit law that "an employer who is subject to the FMLA and also offers a paid sick leave policy has two options when an employee's leave qualifies both under the FMLA and under the employer's paid leave policy: the employer may either permit the employee to use his FMLA leave and paid sick leave sequentially, or the employer may require that the employee use his FMLA leave entitlement and his paid sick leave concurrently." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1205 (11th Cir. 2001). It was after this explanation, and subsequent leave to re-plead, that Gray alleged that she was denied 26 hours of earned sick leave, and she has claimed lost benefits. (Doc. #26 at p.22). Therefore, although the claim in the Amended Complaint is not clear, based on the allegations of the Amended Complaint, and the Plaintiff's attorneys' statement in brief that Gray has not been paid earned

13

sick leave, the court cannot conclude that this claim is due to be dismissed for failure to state a claim.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. #27) is GRANTED to the following extent:

   a. To the extent that the Amended Complaint names these Defendants, they are ORDERED DISMISSED:  the Montgomery Department of Public Safety, Kimbly Harris, Tracy Stephenson, Todd Strange, Melinda Chandler, Larry Fisher, and J. Christopher Murphy.

   b. As to Counts I and II, the Title VII claims based on events occurring before September 2014 are dismissed as time-barred.  The Title VII claim in Count II based on denial of an interview for a promotion is also dismissed.

   c. Count III is DISMISSED.

   d. The retaliation claims in Counts IV and VI are DISMISSED.

2. The Motion to Dismiss is DENIED as to, and the case will proceed at this stage on the timely claims for race discrimination for denial of an interview for a promotion and Dispatcher of the Year Award in Count I and Count VI, the gender claim based on denial of the Dispatcher of the Year Award in Count II and Count VI, the Count V hostile environment claim, the hostile environment Equal Protection claim in Count VI, and on the FMLA claim in Count VII, against the City of Montgomery.

DONE this 11th day of August, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

Case 2:16-cv-00048-WHA-TFM Document 31 Filed 08/11/16 Page 15 of 15